## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RORY M. FOSTER, aka**
**Rory-Markel Foster,**

     **Plaintiff,**

     **v.**                    **CASE NO. 25-3103-JWL**

**STATE OF KANSAS, et al,**

     **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil action against the State of Kansas and the Secretary of Corrections. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. Plaintiff filed an Affidavit of Financial Statement (Doc. 2) alleging that he does not have sufficient funds to pay the filing fee. The Court grants Plaintiff leave to proceed in forma pauperis.

## 1. Nature of the Matter before the Court

Plaintiff refers to himself as "The Sovereign. Minister. Rory-Markel: Foster ©." (Doc. 1, at 1.) Plaintiff names as defendants the State of Kansas and the Secretary of Corrections. *Id*. Plaintiff's Complaint is largely incomprehensible. He references a "demand for resolution of dispute in commercial law," and claims that he is reporting criminal actions under 18 U.S.C. § 4. *Id*. at 1–2. He claims that he sent the defendants a "Commercial Affidavit," to resolve the issues. *Id*. at 2. He suggests that he sent something to defendants to void the judgment and vacate his sentence, and because they failed to respond, they are in default. *Id*. at 2. Then he suggests that he is the victim of crimes, including fraud, extortion, theft, copyright, illegal trademark, kidnapping, treason, domestic mixed war, malfeasance of office, conspiracy, slavery, robbery, and racketeering. *Id*. at 2–6.

Plaintiff alleges that he was illegally kidnapped in April 2006 through the use of fraudulent documents. *Id.* at 6. Plaintiff sets forth the damages he believes he is entitled to for each "crime," totaling $100,000,000.00. *Id.* at 6–8. Plaintiff also attached a document claiming that he is entitled to "immediate release from illegal and unauthorized jurisdiction(s) [w]ithout [his] free, prior, or informed consent . . .." *Id.* at Doc. 1–1. As support for his release, he cites to the attached Affidavit of Complaint, Commercial Affidavit, UCC 1 Financing Statement, and Security Agreement. *Id.*; *see also* Doc. 1–2.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff's claims are frivolous.  "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'"  *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Patino Mancia v. Annucci*, 2022 WL 1539542, at *1, n.4  (W.D. N.Y. 2022) (finding case frivolous and noting that the sovereign citizen movement, which is a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior, has been described by courts as "completely without merit" and "patently frivolous."); *see also Cox v. United States*, 2021 WL 1178493, at *2 (S.D. Fla. 2021), *adopted by* 2021 WL 1177486 (S.D. Fla. 2021) (finding complaint with fraudulent financial filings incomprehensible and warning "that continued frivolous filings, fraudulently utilizing the Uniform Commercial Code or any other statute, will be disfavored and may lead to strong sanctions by the Court, including restricting the Plaintiff from future *pro se* filings.") (citations omitted).

This Court has found that a prisoner's attempt to seek post-conviction relief based on UCC provisions is legally frivolous.  *See Bey v. United States*, 2013 WL 12131292, at *1 (D. Kan. 2013) ("Plaintiff's resort to UCC provisions in an attempt to undermine or negate the validity of his federal criminal convictions and sentences is patently frivolous.") (citing *see e.g., Rouse v. Caruso*, 2011 WL 918327, *17 (E.D. Mich. 2011) ("The courts have repeatedly held that the UCC has no bearing on the validity of a prisoner's conviction or subsequent incarceration[, and] federal courts have repeatedly characterized such claims as frivolous.") (citing cases); *Schlager v. Beard*, 398 F. App'x 699, 701, 2010 WL 4249987,*1 (3rd Cir. 2010) (argument that prisoner sought to pursue before the state court – that he is somehow entitled to release from prison because he is a "secured party Sovereign" – is "the epitome of frivolous")).  The Tenth Circuit has likewise held that "[t]he

4

UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally." *Amerson v. United States*, 550 F. App'x 603, 604 (10th Cir. 2013) (unpublished) (finding attempt to use UCC-related documents to undermine conviction frivolous and assessing a strike).

This Court has found frivolous a similar scheme involving sending notices and then alleging default when no response was received. In *Barnes v. Bennett*, the plaintiff's argument "seem[ed] to be that because he sent various notices and 'tender of payments' to the defendants, their failure to respond eliminated Plaintiff's debt by default." *Barnes v. Bennett*, 2023 WL 3019658, at *1 (D. Kan. 2023). The Court found that its duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A. *Id.* (citing *Flute v. United States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1))). "A frivolous complaint 'lacks an arguable basis in law or fact.' " *Id.* (citing *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke*, 490 U.S. at 325)). The Court can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . . [or on] factual contentions [that] are clearly baseless." *Id.* (quoting *Neitzke*, 490 U.S. at 327). "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.' " *Id.* (quoting *Neitzke*, 490 U.S. at 325). "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." *Id.* (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991)).

The Court finds that Plaintiff's Complaint is based on an indisputably meritless legal theory and his factual contentions are clearly baseless. The Court dismisses this action as frivolous under 28 U.S.C. § 1915A(b)(1).

**IT IS THEREFORE ORDERED THAT** the Court **grants** Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as frivolous.

**IT IS SO ORDERED**.

**Dated June 3, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**